**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000728
11-DEC-2012
08:32 AM**

NO. CAAP-11-0000728

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


WELLS FARGO BANK, N.A.,
Plaintiff-Appellee,
v.
GARY MITSUHIRO YAMAMOTO,
DARRAH KALAHUALANI ROWE YAMAMOTO,
Defendants-Appellants
and
JOHN DOES 1-10, JANE DOES 1-10,
DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10,
DOE ENTITIES 1-10 AND DOE GOVERNMENTAL UNITS 1-10,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-0641-03)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Reifurth, JJ.)

In an appeal arising out of a foreclosure lawsuit,
Defendants-Appellants Gary Mitsuhiro Yamamoto and Darrah
Kalahualani Rowe Yamamoto (Yamamotos) appeal from:

(1) the October 25, 2010 "Notice of Entry of Judgment
on Findings of Fact, Conclusions of Law and Order Granting
Plaintiff's Motion for Summary Judgment and Decree of Foreclosure
Against all Defendants on Complaint Filed March 18, 2009";

(2) the August 29, 2011 "Order Denying Defendants Gary
Mitsuhiro Yamamoto and Darrah Kalahualani Rowe Yamamoto's Motion

to Set Aside on Jurisdictional Grounds this Courts October 25, 2010 (1) Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed March 18, 2009, and (2) Judgment Thereon, Filed June 16, 2011"; and

(3) the September 6, 2011 "Order Denying Defendants Gary Mitsuhiro Yamamoto and Darrah Kalahualani Rowe Yamamoto's Motion for Rehearing And/Or Reconsideration, Etc., Filed on August 1, 2011" all entered in the Circuit Court of the First Circuit[1] (circuit court).

The judgment and orders were entered in favor of Plaintiff-Appellee Wells Fargo Bank, N.S. (Wells Fargo) and

(1) denied the Yamamotos' June 16, 2011 motion to set aside the judgment (Motion to Set Aside);

(2) denied the Yamamotos' August 1, 2011 motion for rehearing and/or reconsideration; and

(3) confirmed the sale of the foreclosed property.

The Yamamotos contend the circuit court lacked personal jurisdiction over them because they were never personally served with the summons and complaint until after the circuit court had entered the summary judgment and decree of foreclosure against them. The Yamamotos also contend that Wells Fargo was not the owner of the underlying promissory note or the mortgage and therefore lacked standing to foreclose.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude this appeal is without merit.

At the hearing on the Yamamotos' Motion to Set Aside, the process server testified that he remembered serving Darrah Yamamoto. His testimony is corroborated by two Return and

---

[1] The Honorable Bert I. Ayabe presided.

Acknowledgment of Service documents with Darrah Yamamoto's signature, accepting service on her and her husband's behalf. The return of service documents serve as prima facie evidence of the events that occurred at the time of service. Tropic Builders, Ltd v. Naval Ammunition Depot Lualualei Quarters, Inc., 48 Haw. 306, 313, 402 P.2d 440, 445 (1965).

The Yamamotos also attack Wells Fargo's standing to foreclose, arguing that Mortgage Electronic Registration Systems, Inc.'s (MERS) role as SecurityNational Mortgage Company, Inc.'s (SecurityNational) nominee did not give it the authority to execute the Assignment of Mortgage to Wells Fargo.

The Yamamotos' assertion is inconsistent with the plain language of the mortgage, which expressly establishes that MERS is the mortgagee under the security instrument and permits MERS to take action on the lender's behalf. The mortgage identifies MERS as "a separate corporation that is acting solely as nominee for Lender . . . . MERS is the mortgagee under this Security Instrument." The mortgage also gives MERS "the right to foreclose and sell the Property[,] and to take any action required of Lender . . . ." Under this plain language, MERS had the authority to take any action required of SecurityNational, including assigning the mortgage to Wells Fargo.

Therefore,

IT IS HEREBY ORDERED that

(1) the October 25, 2010 "Notice of Entry of Judgment on Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against all Defendants on Complaint Filed March 18, 2009";

(2) the August 29, 2011 "Order Denying Defendants Gary Mitsuhiro Yamamoto and Darrah Kalahualani Rowe Yamamoto's Motion to Set Aside on Jurisdictional Grounds this Courts October 25,2010 (1) Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of

Foreclosure Against All Defendants on Complaint Filed March 18, 2009, and (2) Judgment Thereon, Filed June 16, 2011"; and

(3) the September 6, 2011 "Order Denying Defendants Gary Mitsuhiro Yamamoto and Darrah Kalahualani Rowe Yamamoto's Motion for Rehearing And/Or Reconsideration, Etc., Filed on August 1, 2011" all entered in the Circuit Court of the First Circuit are affirmed.

DATED: Honolulu, Hawai'i, December 11, 2012.

On the briefs:

Gary Victor Dubin
Fred J. Arensmeyer
for Defendants-Appellants.

Robert E. Chapman
Elise Owens Thorn
(Clay Chapman Iwamura Pulice &
Nervell)
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

4